IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JESSE LEWIS FREEMAN, | ) | |
| | ) | |
|    Debtor. | ) | |
| | ) | |
| JESSE LEWIS FREEMAN, | ) | |
| | ) | |
|    Appellant, | ) | |
| | ) | CIVIL ACTION NO. |
|    v. | ) | 3:10cv885-MHT |
| | ) | (WO) |
| GLADYS F. KING, | ) | |
| | ) | |
|    Appellee. | ) | |

OPINION

Appellant Jesse Lewis Freeman appeals a decision by the Bankruptcy Court of the Middle District of Alabama that lifted an automatic stay of a state-court proceeding involving real property in which Freeman claims an interest.  For the reasons that follow, the bankruptcy court's decision will be affirmed.

## I. STANDARD OF REVIEW

"The district court in a bankruptcy appeal functions as an appellate court in reviewing the bankruptcy court's decision." In re Sublett, 895 F.2d 1381, 1383 (11th Cir. 1990).  Acting in its appellate capacity, the district court reviews a bankruptcy court's conclusions of law de novo and its factual findings under a clearly erroneous standard.  Dionne v. Simmons, 200 F.3d 738, 741 (11th Cir. 2000).

## II. BACKGROUND

In 2006, appellee Gladys F. King filed a civil action in a state court, seeking to quiet title to a parcel of real property.  Freeman is named as one of 83 defendants in that suit.  King alleges that Freeman owns only a 1/135th interest in the subject property.  Freeman contends that he owns the entire interest having acquired it by adverse possession from the other heirs.  On February 19 and April 21, 2008, Freeman attempted to

remove the state lawsuit to federal court.  The case was remanded both times for lack of subject-matter jurisdiction.

On November 18, 2008, Freeman filed a Chapter 13 bankruptcy petition in the Middle District of Alabama Bankruptcy Court.  The bankruptcy court confirmed the Chapter 13 Plan on June 16, 2009.  Pursuant to 11 U.S.C. § 362(a), an automatic stay was placed on any pending judicial proceeding against the debtor's property.

On June 15, 2009, King filed a motion seeking relief from the automatic stay so that her state lawsuit to quiet title could go forward.  On July 13, 2010, the bankruptcy court held a teleconference hearing on King's motion.  Freeman did not participate in the hearing or offer any briefing or evidence in opposition to the motion.  The bankruptcy court found sufficient cause to grant relief from the automatic stay, permitting the state court to hear King's lawsuit.

On July 20, 2010, Freeman filed a motion to vacate the order suspending the automatic stay. After the bankruptcy court denied this motion, Freeman filed an appeal to this court on September 2, 2010. On December 22, 2010, the bankruptcy court denied Freeman's renewed motion to stay state-court proceeding pending resolution of this appeal.

## III. DISCUSSION

Freeman's appeal is without merit. In his brief, Freeman presents virtually no issue of law or fact for the court to consider in evaluating the bankruptcy court's decision. Freeman includes only two sentences of argument in his initial brief. His argument revolves around alleged infirmities in the state-court civil suit, a matter that is irrelevant to the bankruptcy court's decision to lift the stay. Freeman raises only two issues that have any bearing on the propriety of the bankruptcy court's order: first, whether the bankruptcy

court gave adequate notice to Freeman before the hearing on King's motion and, second, whether the bankruptcy court erred in granting King relief from the automatic stay.  This court holds that the bankruptcy court acted properly in both instances.

First, Freeman's argument that he was denied due process is without merit.  Freeman concedes that he received notice of King's motion and was advised that a teleconference would be held on July 13, 2010.  However, he objects that the bankruptcy court did not dial out to his telephone on the date of the July 13 hearing.  Due process under the bankruptcy statute requires "notice" and "a reasonable opportunity to be heard."  New York v. New York, N. H. & H. R. Co., 344 U.S. 293, 297 (1953).  A direct call to a personal telephone was not required to give Freeman a reasonable opportunity to be heard.  The bankruptcy court sent notice of the July 13 hearing on June 17, 2010. The notice provided a toll free telephone number and included the following instruction: "Each

5

party desiring to be heard MUST CALL conferencing services at least 5 minutes prior to the commencement of court."  The steps necessary to participate in the hearing were absolutely clear.  If Freeman had any questions or confusion, it was incumbent upon him to contact the bankruptcy court for additional guidance.  He declined to do so and thereby waived his right to participate in the hearing.

Next, Freeman questions whether the bankruptcy court erred in granting King relief from the automatic stay. A Chapter 13 bankruptcy petition "operates as a stay, applicable to all entities, of ... (1) the commencement or continuation ... of a judicial, administrative or other action against the debtor that was or could have been commenced before the [bankruptcy petition] ... (3) any act to obtain property from the estate or to exercise control over property of the estate."  11 U.S.C. § 362(a).

6

Pursuant to 11 U.S.C. § 362(d), the bankruptcy court may suspend the automatic stay, "On request of a party in interest and after notice and a hearing." Relief from an automatic stay may be granted for a variety of reasons, including "for cause." 11 U.S.C. § 362(d)(1). To determine whether cause exists to grant relief from the automatic stay, courts balance a variety of equities including: "(1) trial readiness; (2) judicial economy; (3) the resolution of preliminary bankruptcy issues; (4) costs of defense or other potential burden to the estate; (5) the creditor's chances of success on the merits; (6) specialized expertise of the non-bankruptcy forum; (7) whether the damages or claim that may result from the nonbankruptcy proceeding may be subject to equitable subordination under Section 510(c); (8) the extent to which trial of the case in the non-bankruptcy forum will interfere with the progress of the bankruptcy case; (9) the anticipated impact on the movant, or other nondebtors, if the stay is lifted; and, (10) the presence

of third parties over which the bankruptcy court lacks jurisdiction." In re Marvin Johnson's Auto Serv., 192 B.R. 1008, 1014 (Bankr. N.D. Ala. 1996) (Cohen, B.J.).

The court affirms the bankruptcy court's decision to lift the automatic stay. It is clear that some judicial forum will eventually have to determine Freeman's and the other 83 defendants' interests in the subject property. All of the factors listed above favor permitting this issue to be litigated in state court. The state lawsuit has been pending for almost five years and the laborious process of notifying and serving 83 defendants has been completed there. It would be extremely costly and a waste of judicial resources to restart this process in bankruptcy court. Since King's claim involves a state-law claim among residents of Alabama, state court provides the natural forum to resolve the issues. Furthermore, permitting King's action to proceed will have little impact on Freeman's Chapter 13 bankruptcy plan. Contrary to Freeman's protestations, the civil

proceeding in state court will not deprive him of property.  Rather, the litigation will define his legitimate interest in the contested land.

***

For the foregoing reasons, the court holds that the bankruptcy court did not err in lifting the automatic stay on King's lawsuit in state court.  An appropriate judgment will be entered affirming the decision of the bankruptcy court.

DONE, this the 17th day of August, 2011.

                           <u>/s/ Myron H. Thompson</u>
                           **UNITED STATES DISTRICT JUDGE**