IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION


| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JESSE LEWIS FREEMAN, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JESSE LEWIS FREEMAN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 3:10cv885-MHT |
| | ) | (WO) |
| GLADYS F. KING, | ) | |
| | ) | |
| Appellee. | ) | |

OPINION AND ORDER

Debtor-appellant Jesse Lewis Freeman appealed a
decision by the Bankruptcy Court of the Middle District
of Alabama lifting an automatic stay of a state-court
action brought by appellee Gladys F. King.  This district
court affirmed the bankruptcy court's decision.  In re
Freeman, 2011 WL 3627370 (M.D. Ala. Aug. 17, 2011).  This
case is currently before the court on King's motion for
sanctions made pursuant to Federal Rule of Bankruptcy

Procedure 8020.  For the reasons that follow, the court will grant that motion in part and deny it in part.

## I.

Federal Rule of Bankruptcy Procedure 8020 authorizes this court, after determining "that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous" and ensuring that the appellant has notice and a reasonable opportunity to respond, to "award just damages and single or double costs to the appellee." Fed. R. Bankr. P. 8020.  This authority parallels that of the courts of appeals under Federal Rule of Appellate Procedure 38.  In re Porto, 645 F.3d 1294, 1306-07 (11th Cir. 2011).

## II.

Freeman is one of 83 named defendants in a state-court action brought by King to quiet title to a parcel of real property in which Freeman claims an interest.

Throughout the pendency of that action, he has repeatedly used the federal courts in order to interrupt and delay the state-court proceedings. In 2008, Freeman twice removed the case to federal court, only to have it promptly remanded for lack of subject-matter jurisdiction. See King v. Parcel of Land, No. 3:08-cv-302 (Doc. No. 4) (Watkins, C.J.); King v. Parcel of Land, No. 3:08-cv-72 (Doc. No. 6) (Watkins, C.J.). After the second removal, he was warned that further attempts to use removal in order to dely the state-court proceedings might result in sanctions.

Following that warning, Freeman filed a Chapter 13 bankruptcy petition in the Bankruptcy Court for the Middle District of Alabama. On June 16, 2009, The bankruptcy court confirmed Freeman's Chapter 13 plan and an automatic stay was placed on all pending judicial proceedings against his property, including King's action to quiet title. See 11 U.S.C. § 362(a). King retained counsel and moved for relief from the stay. Freeman,

though represented by counsel at the time, did not respond. The bankruptcy court lifted the stay and later denied Freeman's motion to reconsider.

Acting pro se, and against the advice of counsel, Freeman appealed to this court. His counsel promptly moved to withdraw. In that motion, counsel explained that he had spoken with Freeman several times regarding this appeal; that both Freeman's motion for reconsideration in the bankruptcy court and his appeal to this court were "against the advice" that he had given; and that "irreconcilable differences" about how best to proceed with the case prevented him from continuing his representation. Mot. to Withdraw 3-4 (Doc. No. 6).

This court granted counsel's motion to withdraw. Freeman, who apparently has some paralegal training, has continued to press his appeal pro se. On August 17, 2011, this court affirmed the bankruptcy court's decision to lift the stay. In re Freeman, 2011 WL 3627370 (M.D.

Ala. Aug. 17, 2011).  Only King's separate motion for
sanctions remains undecided.

### III.

There can be no doubt that Freeman's appeal is
frivolous.  The vast majority of the briefing that he has
provided this court addresses the merits of the state-
court proceeding, rather than the bankruptcy court's
decision to lift the automatic stay.  That focus is
unsurprising since the bankruptcy court's decision was
not merely correct and well-reasoned, but the only
possible resolution based on the facts of this case.
Unable to question that decision, Freeman resorts to
irrelevant attacks on the state-court action.

When Freeman does focus on the bankruptcy court's
decision, his arguments are patently without merit.
First, Freeman argues that the bankruptcy court violated
his due-process rights by failing to call him on his
personal telephone so that he could participate in a July

13, 2010, conference call. But Freeman readily admits to receiving notice prior to the call. That notice directed him to dial in to the call with a number that the court provided. There is no conceivable way that his failure to follow those instructions amounts to a due-process violation. Second, Freeman generally attacks the bankruptcy court's decision to lift the stay. However, his vague and cursory references to alleged error fail to identify anything that the bankruptcy court actually got wrong; nor could it, since every single factor that the bankruptcy court was obligated to consider before lifting the stay, see In re Marvin Johnson's Auto Serv., Inc., 192 B.R. 1008, 1014 (Bankr. N.D. Ala. 1996) (Cohen, B.J.), confirms that court's decision.

If the only issue was the strength of Freeman's appeal, then this court would be somewhat reluctant to impose sanctions. More often than not, a pro se litigant's frivolous arguments are the result of ignorance rather than bad faith, and it could be

reasonably viewed as unfair to welcome those unfamiliar with the law into the courtroom and then impose sanctions whenever inexperience leads them astray.  Sanctions are therefore often considered inappropriate in cases where a pro se litigant files a frivolous appeal.  <u>Woods v. IRS</u>, 3 F.3d 403 (11th Cir. 1993).  However, this is not such a case.

After thoroughly examining the record and closely observing the litigation's path through state, federal, and bankruptcy courts, only one conclusion is possible: Freeman's motivation is to delay, for as long as he can, the state-court action to quiet title.  To put it simply, Freeman has acted in bad faith and has done so in the face of contrary advice from counsel and warnings from this court.  Under these circumstances, sanctions are appropriate so as to deter the further wasting of judicial resources and to ensure that the state-court action can continue without additional unwarranted delays.  <u>See</u> <u>United States v. Morse</u>, 532 F.3d 1130, 1132-

7

33 (11th Cir. 2008) (sanctioning pro se litigant for raising frivolous arguments after he had been warned that they were frivolous); Pollard v. Comm'r, 816 F.2d 603, 604-05 (11th Cir. 1987) (per curiam) (sanctioning pro se appellant for raising issues that had "long been settled" after a warning that they were frivolous).

The court does not take the imposition of sanctions lightly, but it cannot ignore Freeman's bad-faith efforts to delay the state-court proceedings or condone his inability to provide any legal or factual basis to support this appeal. Indeed, when confronted with King's allegations and given an opportunity to respond, Freeman did not even attempt to provide a non-frivolous justification for this appeal. Instead, he baselessly accused King of perjury before the bankruptcy court and continued his irrelevant attacks on the state-court proceedings. The court therefore easily concludes that, despite Freeman's pro se status, sanctions are appropriate.

IV.

Because Freeman's actions caused King to expend personal unnecessarily resources defending this appeal, the court finds the appropriate sanction to be the actual, reasonable amount of attorney fees plus court costs. However, King has not provided sufficient information with which to calculate that amount. She will be therefore directed to file a supplement to her motion for sanctions setting forth her costs, including a detailed time record of her attorney and appropriate affidavits establishing the reasonable hourly rate for the handling this appeal.

King's request for additional sanctions tied to the estimated value of the property at issue in the state-law action would produce an unnecessary windfall for King and will be therefore denied.

***

9

For the foregoing reasons, it is ORDERED as follows:

(1) Appellee Gladys F. King's motion for sanctions (doc. no. 5) is granted to the extent that (a), by September 6, 2011, appellee King shall file a supplemental statement setting forth her expenses, including the time record of her attorney along with the appropriate affidavits establishing the reasonable hourly rates for his services; and (b), by September 20, 2011, appellant Jesse Lewis Freeman may file a response.

(2) Appellee King's motion for sanctions (doc. no. 5) is denied in all other respects.

DONE, this the 30th day of August, 2011.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE